# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| THOMAS THOMPSON, | : | CIV NO. 1:18-CV-1846 |
| --- | --- | --- |
| Plaintiffs, | : | (Judge Jones) |
| v. | : | (Magistrate Judge Carlson) |
| JOSHUA POPLIN, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

### I. Factual Background

The plaintiff in this litigation, Thomas Thompson, brought this civil rights lawsuit against the defendant, Joshua Poplin, a police officer, arising out of a December 2017 arrest on state DUI and related traffic charges. On September 20, 2018, the defendant removed this case to federal court, (Doc. 1), and filed a motion to stay this civil case pending the completion of Thompson's state criminal case. (Docs. 4 and 5.) While Thompson has not responded to this motion, our review of the state court criminal docket indicates that Thompson pleaded *nolo contendere* to a state DUI charge on October 5, 2018, and was sentenced to 72 hours-to-6-months' incarceration. See Commonwealth v. Thompson, No. CP-67-CR-0000650-2018.

Thompson's conviction on this state charge may have relevance to his ability to maintain any federal civil rights case involving claims of false arrest or malicious prosecution against Officer Poplin, but his conviction now eliminates the need for a stay of these proceedings. Accordingly, for the reasons set forth below, this motion to stay will be DENIED.

**II. Discussion**

It is well-settled that: "Motions to stay, ..., are non-dispositive. See Delta Frangible Ammunition, LLC v. Sinterfire, Inc., 2008 WL 4540394, at *1 n. 1 (W.D.Pa.Oct.7, 2008); Pass & Seymour, Inc. v. Hubbell Inc., 532 F.Supp.2d 418, 426 n. 7 (N.D.N.Y.2007). Therefore, as a magistrate judge we are empowered to rule upon such matters. See Ball v. SCI Muncy, No. 1:08-CV-700, 2012 WL 2805019, at *1 (M.D. Pa. July 10, 2012). The legal standards which govern stay requests are familiar ones and emphasize the court's broad discretion. Nonetheless that discretion is guided by certain basic principles. As part of the district court's power to control the disposition of civil matters that come before it, the court has the power to stay proceedings when judicial economy or other interests may require. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 136 (3d Cir. 2004); Barker v. Kane, 149 F. Supp. 3d 521, 525 and n.42 (M.D. Pa. 2016). "A stay is an extraordinary measure, and the decision to impose a stay rests within the sound

discretion of the district court." Barker v. Kane, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016) (citing In re Adelphia Commcn's Secs. Litig., No. 02-1781, 2003 WL 22358819, at *2 (E.D. Pa. May 13, 2003); see also Landis, 299 U.S. at 254-56. When determining whether to stay a civil case pending resolution of a related proceeding, courts consider the following factors:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.

Barker, 149 F. Supp. 3d at 525-26 (citations omitted).

In this case we find that the assessment of these considerations weighs in favor of denying this motion to stay at the present time. While there may have been a basis for a stay while this state court criminal case was pending, that case is now resolved in ways which may permit us to address the merits of Thompson's claims. Therefore, a consideration of the factors which govern our discretion here weighs heavily against any further stay of this litigation and cautions instead in favor of a schedule which calls for the prompt filing of any dispositive motions the defendant may believe are appropriate given Thompson's state court conviction.

An appropriate order follows.

## III.   <u>Order</u>

AND NOW, for the forgoing reasons, the defendant's motion to stay (Doc. 4) is DENIED, and the defendant is instead instructed to file any dispositive motions which the defendant considers appropriate in light of Thompson's conviction on state DUI charges on October 5, 2018. Dispositive motions should be filed on or before **November 15, 2018**. If no dispositive motions are filed on November 15, 2018, the parties are directed to submit a proposed case management plan in this case no later than **November 19, 2018**.

So ordered this 15th day of October, 2018.

<u>S/Martin C. Carlson</u><br>
Martin C. Carlson<br>
United States Magistrate Judge