# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| THOMAS THOMPSON, | : | CIV NO. 1:18-CV-1846 |
| --- | --- | --- |
| Plaintiffs, | : | (Judge Jones) |
| v. | : | (Magistrate Judge Carlson) |
| JOSHUA POPLIN, | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

### I.     Factual Background

The plaintiff in this litigation, Thomas Thompson, brought this civil rights lawsuit against the defendant, Joshua Poplin, a police officer, arising out of a December 2017 arrest on state DUI and related traffic charges. On September 20, 2018, the defendant removed this case to federal court, (Doc. 1), and filed a motion to stay this civil case pending the completion of Thompson's state criminal case. (Docs. 4 and 5.) We initially denied this stay request, noting that our review of the state court criminal docket indicates that Thompson pleaded *nolo contendere* to a state DUI charge on October 5, 2018, and was sentenced to 72 hours-to-6-months' incarceration. See Commonwealth v. Thompson, No. CP-67-CR-0000650-2018.

Thompson's conviction on this state charge has relevance to his ability to maintain any federal civil rights case involving claims of false arrest or malicious

prosecution against Officer Poplin and may bar Thompson from pursuing this claim since Thompson must obtain a favorable termination of this criminal case in order to bring a federal civil rights claim against Poplin. Recognizing this fact, Thompson now states that he is seeking to set aside this conviction and seeks a stay of this civil case while he pursues post-conviction remedies in state court. (Doc. 16.) It is reported that the defendant does not oppose this stay request. Accordingly, this motion to stay is GRANTED. (Doc. 16.)

**II.     Discussion**

It is well-settled that: "Motions to stay, ..., are non-dispositive. See Delta Frangible Ammunition, LLC v. Sinterfire, Inc., 2008 WL 4540394, at *1 n. 1 (W.D.Pa.Oct.7, 2008); Pass & Seymour, Inc. v. Hubbell Inc., 532 F.Supp.2d 418, 426 n. 7 (N.D.N.Y.2007). Therefore, as a magistrate judge we are empowered to rule upon such matters. See Ball v. SCI Muncy, No. 1:08-CV-700, 2012 WL 2805019, at *1 (M.D. Pa. July 10, 2012). The legal standards which govern stay requests are familiar ones and emphasize the court's broad discretion. Nonetheless that discretion is guided by certain basic principles. As part of the district court's power to control the disposition of civil matters that come before it, the court has the power to stay proceedings when judicial economy or other interests may require. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 136 (3d Cir. 2004); Barker v.

Kane, 149 F. Supp. 3d 521, 525 and n.42 (M.D. Pa. 2016). "A stay is an extraordinary measure, and the decision to impose a stay rests within the sound discretion of the district court." Barker v. Kane, 149 F. Supp. 3d 521, 525 (M.D. Pa. 2016) (citing In re Adelphia Commcn's Secs. Litig., No. 02-1781, 2003 WL 22358819, at *2 (E.D. Pa. May 13, 2003); see also Landis, 299 U.S. at 254-56. When determining whether to stay a civil case pending resolution of a related proceeding, courts consider the following factors:

> (1) the extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest.

Barker, 149 F. Supp. 3d at 525-26 (citations omitted).

In this case we find that the assessment of these considerations weighs in favor of staying this case at the present time. In order for Thompson to pursue this claim his underlying criminal case must conclude with a favorable termination on his behalf. Thompson acknowledges that he has not attained a favorable termination in this case but is pursuing post-conviction relief. Thompson also acknowledges that if he is unable to set aside this conviction, this civil lawsuit should be dismissed. In this setting, the Supreme Court has counseled that:

> [I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. See id., at 487–488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. Edwards v. Balisok, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); Heck, 512 U.S., at 487, 114 S.Ct. 2364.

Wallace v. Kato, 549 U.S. 384, 393–94, 127 S. Ct. 1091, 1098, 166 L. Ed. 2d 973 (2007).

Consistent with this guidance we will stay this case to allow Thompson to try to attain a favorable termination of his state criminal case, a prerequisite to any federal civil rights lawsuit in this factual context. An appropriate order follows.

## III. Order

AND NOW, for the forgoing reasons, Thompson's motion to stay (Doc. 16) is GRANTED. The parties shall file a status report regarding the progress of Thompson's state criminal post-conviction litigation on or before **April 1, 2019**.

So ordered this 27th day of December, 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge